ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY
*v.* SCOTT.

Opinion delivered November 17, 1900.

NEGLIGENCE—FRIGHTENED HORSE—INJURY AT BRIDGE.—Where, without the fault of the railway company, a horse became frightened and ran upon a railroad bridge that was not open for ordinary travel, and was injured, the railway company is not liable for damages. (Page 416.)

Appeal from Pulaski Circuit Court.

JOSEPH W. MARTIN, Judge.

*Dodge & Johnson,* for appellant.

The railway company was guilty of no negligence. It owed appellee no duty to keep its bridge in a safe condition for passage of runaway animals. 48 Ark. 493; 57 Ark. 21; 36 Ark. 607; 37 Ark. 593; 48 Ark. 368; 6 Pa. St. 472.

*A. M. Fulk* and *E. M. Merriman,* for appellee.

It was the duty of appellant to erect and maintain suitable guards to prevent persons and animals passing on the near-by public road from accidentally being injured on the bridge. 57 Ark. 21.

BUNN, C. J. This is a suit by the appellee, W. H. Scott, a citizen of Little Rock, against the appellant company, for damages to a horse. Verdict and judgment for $55 in favor of the plaintiff, and defendant appealed to this court.

The plaintiff, with others, had been to a picnic at Hill's lake some miles northeast of Little Rock and north of the Arkansas river, and was returning home in his buggy along the

road that, coming from the direction of Hill's lake, approaches the river below the lower Iron Mountain railroad bridge; and, about one hundred yards from the northern end of this bridge, stopped to water his horse at a watering trough placed there for that purpose. From this point, apparently, the road plaintiff was traveling led directly across the track of the railroad that crosses this bridge. In fact, up to a month or six weeks before this time this road turned in and crossed this bridge, which had been floored and used as a toll-bridge for ordinary travel, but which use had been discontinued after the building of the free county bridge a short distance above, over which all travel over the Hill's lake and other dirt roads passed. Due notice and warning had been given in the city papers and by posters at the ends of the Iron Mountain bridge aforementioned, and a watchman or guard was kept at the northern end to give notice, and also to prevent further passage of said bridge, except for railroad purposes.

When the plaintiff attempted to get into his buggy, the horse in starting had become frightened at something the evidence does not disclose, and, increasing its speed, was in a run when it reached the railroad crossing, and at that point turned in towards the bridge, and ran 15 or 20 feet on to the cross ties and then fell through, as to its feet and legs. The plaintiff in the meantime had failed to get into his buggy, but, running along between the body and fore and aft wheels, was constantly endeavoring to get into it, until it was stopped by the falling of the horse. From this position he was extricated by the bridge watchman, who with some others extricated the horse, which by the fall had suffered some injury about the legs. The watchman had endeavored to stop the horse before he reached the bridge, but in its frightened condition he was unable to do so.

Railway companies are not expected to keep their bridges and culverts closed to prevent persons and animals from crossing thereon. Ordinarily, these bridges are not for the use of the public. The one in question had formerly been so used, but this use had ceased, and notice had been given thereof, and reasonable precautions taken, if any were necessary to be shown. See *Railway Company* v. *Ferguson*, 57 Ark. **21**.

This is not a case where the fright of the animal was occasioned by the running of defendant's trains, or by anything done by the railroad company or by its employees; but it is simply an injury to a runaway horse, which had got beyond the control of its driver, who was also its owner, and in its fright had left the road upon which it was being driven for some cause, we know not what, and had turned and run upon the railroad track into the bridge as stated. Nor is this a case where the railroad ;had produced the necessity for the bridge, and was therefore bound to keep it in condition to admit passage over it by persons and animals, as in case of a ditch or other artificial excavation near and closely connected with the use of a public highway, and over which a bridge is necessary for the public safety or convenience, as was the case in *St. Louis, etc. Ry. Co.* v. *Aven,* 61 Ark. 141. We see no negligence in the defendants which occasioned the injury complained of in this case, and therefore no liability of the defendant. The judgment is therefore reversed, and judgment here for the defendant.